# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSS KING, | ) |
| | ) CIVIL ACTION NO: |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| SOUTH COUNTY, LLC, d/b/a | ) |
| SOUTH COUNTY BREWING, | ) |
| | ) *ELECTRONICALLY FILED* |
| Defendant. | ) |

# COMPLAINT

Plaintiff, Joss King, by and through his attorneys, Weisberg Cummings, P.C., brings this civil action for damages against the above-named Defendant, South County, LLC, d/b/a South County Brewing, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint alleges illegal discrimination on the basis of Plaintiff's disabilities, in violation of the laws and statutes of the United States of America, specifically, Title III the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 (the "ADA"), 42 U.S.C. §12101 *et seq.*

2. Jurisdiction over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. §§1331, 1343, and 1367, in that this District Court for the Middle District of Pennsylvania has original jurisdiction of all civil actions

arising under the laws of the United States, as well as pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. § 951, *et seq.*

3. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and because the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

4. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5. Plaintiff, Joss King ("Mr. King"), is an adult individual residing in Dover, York County, Pennsylvania.

6. Mr. King has a disability, as defined by the ADA and the PHRA.

7. As part of the treatment regimen for his disability, Mr. King utilizes a service animal, specifically a service dog named Isaac ("Isaac").

8. Defendant, South County, LLC, d/b/a South County Brewing ("Defendant"), is a Pennsylvania corporation headquartered at 450 Green Valley Road, York, York County, Pennsylvania.

9. At all times material hereto, Defendant owned and operated the restaurant located at 170 Crossway Drive, York, York County, Pennsylvania (the "Restaurant").

10. The Restaurant is a public accommodation, pursuant to the ADA and the PHRA.

## ADMINISTRATIVE PROCEEDINGS

11. On or about March 4, 2024, Mr. King initiated a Charge of Discrimination with the Pennsylvania Human Relations Commission (the "PHRC") which was later formalized and docketed as Charge No. 202316421.

12. All necessary and appropriate administrative prerequisites with regard to the PHRC have occurred.

## STATEMENT OF FACTS

13. On or about December 23, 2023, Mr. King and a friend presented at the Restaurant for lunch.

14. Mr. King and his friend were meeting another group of individuals who had already been seated.

15. When Mr. King entered the Restaurant with Isaac and attempted to join the group, he was immediately accosted by Defendant's hostess and told that no dogs were permitted in the Restaurant.

16. Mr. King promptly provided notified Defendant's hostess that Isaac was a service animal.

17. Defendant's hostess then challenged Mr. King and denied that Isaac was a service animal since he was not wearing a vest.

18. Mr. King requested that Defendant's hostess get her manager.

19. Defendant's manager, Ryan Fuess, informed Mr. King that Isaac needed a vest in order to be permitted in the Restaurant.

20. Mr. Fuess stated that it was Defendant's policy to require all service dogs to wear a vest in order to be allowed entry to the Restaurant.

21. Defendant refused to permit Mr. King to enter its Restaurant with Isaac.

22. In refusing service to Mr. King on the basis of his service animal, Defendant violated the ADA and the PHRA.

## COUNT I

### VIOLATIONS OF THE ADA
### *DISABILITY DISCRIMINATION*

23. All prior paragraphs are incorporated herein as if set forth fully below.

24. Mr. King is within the protected class of individuals as designated by the ADA because he is a qualified individual with a disability.

25. As previously set forth above, Defendant refused service to Mr. King on the basis of his service animal.

26. As a direct and proximate result of Defendant's conduct in violating the ADA by discriminating against Mr. King on the basis of his disability, Mr. King has suffered non-economic damages in the form of emotional distress, embarrassment, humiliation, anxiety, and a loss of self-respect and confidence.

27. Defendant's discrimination against Mr. King on the basis of his disability constitutes a violation of the ADA.

WHEREFORE, Plaintiff, Joss King, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT II

### VIOLATIONS OF THE PHRA
### *DISABILITY DISCRIMINATION*

28. All prior paragraphs are incorporated herein as if set forth fully below.

29. This is an action arising under the provisions of the PHRA and this Court has, and should, exercise pendant jurisdiction over the same because the cause of action complained of in this Count II arises out of the same facts, events, and circumstances as Count I, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

30. Defendant violated the PHRA by refusing service to Mr. King on the basis of his use of a guide or support animal.

31. Defendant further violated the PHRA by maintaining a policy of refusing service to persons with guide and/or support animals.

32. Upon information and belief, Defendant continues to maintain this policy in violation of the PHRA.

33. As a direct and proximate result of the conduct of Defendant in violating the PHRA, Mr. King has been permanently and irreparably harmed, has suffered emotional distress and a loss of self-respect and confidence, and has been subjected to great damage to his standing in the community.

WHEREFORE, Plaintiff, Joss King, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## AD DAMNUM CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Joss King, prays that this Honorable Court enter judgment in his favor and against Defendant, South County, LLC, d/b/a South County Brewing, and that it enter an Order as follows:

    a. Defendant is to be permanently enjoined from discriminating against Plaintiff on the basis of his disabilities, use of a service animal, and/or any basis prohibited under applicable federal and state law;

    b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against

        patrons based on their disabilities and/or use of a service animal, and is to be ordered to promulgate an effective policy against such interference and/or discrimination and to adhere thereto;

c.     Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions;

d.     Plaintiff is to be awarded interest on his monetary losses at the prevailing rate;

e.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

f.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

g.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

h.     Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage - or cease engaging - in

      illegal retaliation against Plaintiff or other witnesses to this action; and

i.    The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

                            Respectfully submitted,

                            **WEISBERG CUMMINGS, P.C.**

Dated: December 18, 2025

*/s/Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

*/s/Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/Larry A Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)
*Counsel for Plaintiff*